UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------x
AARON CANCEL

            Petitioner,

  -against-

CHARLES HYNES, D.A., Kings County,

and

PATRICK GRIFFIN, Superintendent of
Sullivan Correctional Facility,

            Respondents.
------------------------------------------------------------x

MEMORANDUM AND ORDER

11-cv-5489 (ENV)

VITALIANO, D.J.

In a letter dated December 22, 2012, *pro se* petitioner Aaron Cancel moves to stay the proceedings on his petition for a writ of habeas corpus. For the reasons stated below, the motion is denied.

## DISCUSSION

Cancel requests an abeyance so that he may "raise and perfect" an allegedly new issue "in a court of first instance . . . through the normal appeal process." Although Cancel has exhausted his direct appeals, presumably his letter refers to state-level post-conviction collateral proceedings. Yet, the issue he claims he intends to raise anew in state court—"a question of law . . . of a constitutional nature with respect of a sworn juror who was unqualified to render a sound verdict"—was, in fact, pursued and disposed of on direct appeal. *See People v. Cancel*, 70 A.D.3d 960, 961, 897 N.Y.S.2d 444, 445 (2d Dep't 2010) (rejecting claim that juror was

1

unqualified), *application for leave to appeal denied, People v. Cancel*, 15 N.Y.3d 919, 913 N.Y.S.2d 646 (N.Y. 2010). The "unqualified juror" claim has, then, been preserved and pleaded in his 2254 petition. As a result, any attempt to seek further review in state proceedings would be unnecessary. It would also be futile; a matter decided on direct appeal cannot be relitigated in a collateral proceeding. *See People ex rel. Merriweather v. Miller*, 243 A.D.2d 872, 873, 662 N.Y.S.2d 939, 940 (3rd Dep't 1997). Abeyance is therefore inappropriate.

Even if he had not already exhausted the issue on direct appeal, abeyance would still be inappropriate since the time has expired for Cancel to add new claims to his 2254 petition. Because Cancel did not petition the United States Supreme Court for a writ of certiorari following the Court of Appeals' denial of his leave application, the Antiterrorism and Effective Death Penalty Act's (AEDPA) one-year statute of limitations began to run after the expiration of time during which he *could have* requested certiorari. *See Gonzalez v. Thaler*, 132 S.Ct. 641, 653-54 (2012). Hence, since Cancel had 90 days to petition for certiorari after the Court of Appeals rejected his application on November 5, 2010, his one-year window began to run on February 14, 2011, unless tolled by the actual commencement and pendency of state post-conviction proceedings. The record does not reveal that Cancel ever initiated any such proceedings. Although he timely submitted his 2254 petition to prison authorities on October 24, 2011, the window for the addition of new claims closed on February 14, 2012. *See Duncan v. Walker*, 533 U.S. 167, 181 (2001) (AEDPA "does not toll the limitation period during the pendency of a federal habeas petition" with respect to claims not raised in the petition). In the absence of pending post-conviction proceedings in state court or any basis for equitable tolling of the limitations period, Cancel can no longer raise additional claims in this petition. An abeyance is therefore inappropriate on this ground too.

## CONCLUSION

For the reasons stated above, petitioner's motion for an abeyance is denied.

**SO ORDERED.**

Dated: Brooklyn, New York
January 4, 2013

s/Eric N. Vitaliano

ERIC N. VITALIANO
United States District Judge