| UNITED STATES DISTRICT COURT | NOT FOR PUBLICATION |
| EASTERN DISTRICT OF NEW YORK | |

AARON CANCEL,

                     Petitioner,

– against –

CHARLES HYNES, D.A., Kings County,

and

PATRICK GRIFFIN, Superintendent of Sullivan Correctional Facility,

                     Respondents.

**MEMORANDUM & ORDER**

11-cv-5489 (ERK)

KORMAN, J.:

    I assume familiarity with the underlying facts and procedural history of this case. Briefly, petitioner was convicted, following a jury trial, of Murder in the Second Degree, and sentenced to an indeterminate prison term of 25 years to life. The petitioner raises two issues. The first challenges the sufficiency of the evidence. Petitioner, however, cannot meet the standard set out in *Jackson v. Virginia*, 443 U.S. 307 (1979), for obtaining relief on this ground. The second issue petitioner raises is that he "was denied his constitutional right to a Fair Trial before 12 qualified jurors when the court refused to declare a mistrial even though one of the jurors could not remember or under[stand] the facts of the case nor articulate his views to his fellow jurors." Pet. at 4, ECF No. 1. This claim requires some brief discussion.

    During their deliberations, the jury sent a note expressing concern about one of its members. The note read as follows: "The jury is deeply concerned that juror #10 is incapable of remembering or understanding the facts of the case. We do not feel comfortable deciding the defendant's fate when he is not able to even understand facts or articulate [his] thoughts." R. 445, ECF No. 5-5. After receipt of this note, petitioner's counsel moved for a mistrial.

1

Nevertheless, he objected to having the judge question the problem juror (Juror #10). Ultimately, the judge questioned the foreperson of the jury:

> THE FOREPERSON: ... he remembers some things ... we were going around asking questions - -- he can't decide, okay? First he decides one thing and I know its like that, but he really doesn't even know what happened. He really doesn't even know what went on.
>
> THE COURT: ... is he participating in the deliberations ...
>
> THE FOREPERSON: He were [ sic], but ... he doesn't know what's going on, Your Honor. He doesn't.
>
> THE COURT: ... [H]as he participated ... ?
>
> THE FOREPERSON: Yes. But, then, he doesn't know why or how.  R. 452-52.

When asked whether the juror had expressed his views, the foreperson answered, "He cannot express his views. He cannot," prompting the judge to ask the question again:

> THE COURT: Was he asked to express his views?
>
> THE FOREPERSON: Yes.
>
> THE COURT: Did he express his views?
>
> THE FOREPERSON: He asked - -
>
> THE COURT: Yes or no?
>
> THE FOREPERSON: Yeah.
>
> THE COURT: He did?
>
> THE FOREPERSON: The best he could.  R. 452.

Following an off-the record consultation with the parties, the judge summarized the foreperson's thoughts - "[Ma'am], you've indicated that he's incapable of articulating his views or understanding the facts of this case or the evidence" - before asking her whether the juror had exhibited any other "bizarre" behavior suggesting that he could not deliberate. Without correcting the judge's summary, she answered, "He's acting like he doesn't really know what's

going on. Your Honor." Asked to elaborate, she said, "he's just there, you understand what I'm saying .... he's just there." R. 453.

After this colloquy, the trial judge observed that there was nothing in the record "in light of the statement by the forelady that [Juror #10] is suffering from some mental defect or disease which would prevent him from participating in these proceedings. Nothing." R. at 454. Moreover, the trial judge continued,

> To make the record clear, this witness did say that he did participate, but not in the way that she would like him to participate, that he doesn't get it. Well, "he doesn't get it" could mean a lot of things. Doesn't get it her way or the way of the other jurors. So, I don't agree with defense counsel's assessment of Ms. Shiver's observations and I pointedly asked her if there was any behavior outside of what she described with respect to juror number ten that would indicate that he was acting in some manner which would reflect his inability to meaningfully participate in the deliberations.

R. 454-55, ECF No. 5-5. Subsequently, after the jury reached its verdict, the judge polled the jury. Juror #10 responded affirmatively to the question of whether the verdict announced by the forelady was his verdict in all respects. R. 460-61, ECF No. 5-5.

On appeal, the Appellate Division held that the trial judge properly declined to declare a mistrial on the ground that the juror was grossly unqualified. Specifically, the Appellate Division observed: "To find a juror grossly unqualified, the court must be convinced that the juror would be prevented from rendering an impartial verdict. Such determination is to be afforded great deference, and we perceive no basis to disturb the determination on appeal." *People v. Cancel*, 897 N.Y.S.2d 444, 70 A.D.2d 960, 961 (NY. App. Div. 2010).

The issue of whether the juror should have been excused and a mistrial declared is a close question. Nevertheless, even if there was an abuse of discretion, it is not clear to me what constitutional right of petitioner was violated by the fact that one of the 12 jurors "could not remember or under[stand] the facts of the case nor articulate his views to his fellow jurors." Pet. at 4. Even assuming the juror was impaired in the way petitioner suggests, it simply means that

he did not play any meaningful role in the jury's deliberations or the verdict that the jurors reached. While this may have deprived him of the verdict of a jury of 12, to which he may have been entitled under New York law, the Constitution does not guarantee a defendant the right to a verdict of a jury of 12. *Williams v. Florida*, 399 U.S. 78 (1970) (holding that the Sixth Amendment was not violated by the use of six person juries).

Accordingly, the petition is denied.

**SO ORDERED.**

Brooklyn, New York
January 2, 2014

/s/
Edward R. Korman
Senior United States District Judge